UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-346     U.S. v. NEZHINSKIY

**Motion For:** Supplementation of the Record on Appeal.

**Set forth below precise, complete statement of relief sought:**

The government seeks leave to supplement the record on this bail appeal with information that came to light after last week's oral argument.

**MOVING PARTY:** APPELLEE     **OPPOSING PARTY:** DEFENDANT-APPELLANT

☐ Plaintiff    ☐ Defendant
☐ Appellant/Petitioner    ☒ Appellee/Respondent

**MOVING PARTY:** Saritha Komatireddy, AUSA     **OPPOSING PARTY:** Jonathan I. Edelstein, Esq.

U.S. Attorney's Office     Edelstein & Grossman
271-A Cadman Plaza East, Brooklyn, N.Y. 11201     501 5th Avenue, Suite 514, New York, N.Y. 10017
(718) 254-6054; Saritha.Komatireddy@usdoj.gov     Email: jonathan.edelstein.2@gmail.com; Tel.: 212 871-0571

**Court-Judge/Agency appealed from:** The Honorable William F. Kuntz, II, U.S.D.J., E.D.N.Y.

**Please check appropriate boxes:**     **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes    ☐ No (explain):

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed    ☒ Opposed    ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes    ☐ No    ☒ Don't Know

Is oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☒ Yes ☐ No If yes, enter date: 3/18/2025

**Signature of Moving Attorney:**

/s/ Saritha Komatireddy     **Date:** 3/25/2025     Service by: ☒ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------- x

USA v. NEZHINSKIY

DECLARATION IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Docket No. 25-346

------------------------------- x

SEAN M. SHERMAN declares, pursuant to 28 U.S.C. § 1746:

1. I am an Assistant United States Attorney in the Eastern District of New York. I submit this declaration in support of the government's motion to supplement the record on appeal, pursuant to Federal Rule of Appellate Procedure 10(e) and Local Rule 27.1(d).

2. Appellant-Defendant Dimitriy Nezhinskiy is charged with conspiracy to receive stolen property and receiving stolen property for running a nationwide fencing operation that incentivizes residential burglaries.

3. On February 7, 2025, the district court found that Nezhinskiy was a flight risk and that releasing Nezhinskiy prior to trial would endanger the community and that no condition or combination of conditions would reasonably assure community safety. Accordingly, the district court ordered Nezhinskiy detained pending trial.

2

4. Nezhinskiy appealed and moved for pretrial release, arguing that the district court clearly erred. In particular, Nezhinskiy argued that release on house arrest, with a condition such as phone monitoring, would be sufficient to prevent Nezhinskiy from continuing to operate a fencing enterprise. (Mot. at 15-16).

5. On March 18, 2025, the panel members heard oral argument on Nezhinskiy's motion. During oral argument, the Court inquired about the effectiveness of such a phone monitoring condition. (Oral Arg. at 9:29-10:59).

6. On March 24, 2025, the government learned that, on March 8, 2025, Nezhinskiy was found in possession of a contraband cell phone within the Metropolitan Detention Center ("MDC") in Brooklyn, New York. According to the incident report, during a random search of Nezhinskiy's cell, officials discovered a contraband phone under the mattress of the bottom bunk. After the discovery, Nezhinskiy confirmed that the phone belonged to him. Possession of a cell phone within the MDC is a crime. *See* 18 U.S.C. §§ 1791(a)(2), 1791(d)(1)(F).

7. Nezhinskiy's continued engagement in criminal conduct and use of a contraband cell phone while in custody in the MDC further

3

support the conclusion that Nezhinskiy poses a danger to the community and a risk of flight, and that no condition or combination of conditions will mitigate those risks. Nezhinskiy's ongoing failure to abide by the law shows that he cannot be trusted to obey the law if released from custody. Indeed, Nezhinskiy's willingness and ability to acquire a contraband cell phone within the MDC demonstrates that, were he released on house arrest with a phone monitoring condition, he would be willing and able to obtain a secret "burner" cell phone while on release. This conduct would thwart any phone monitoring condition, because pretrial services can only monitor cellular devices about which it is aware.

4

8. As the government has argued throughout the case, the flexible nature of the defendant's alleged crimes—which he can continue to commit from anywhere while in possession of a cell phone—shows that there is no combination of conditions short of continued confinement to assure that he will not pose a danger to the community and a risk of flight.

I declare under penalty of perjury that the foregoing is true and correct.

                                                          /s/
                                      SEAN M. SHERMAN
                                      Assistant U.S. Attorney

Executed on March 25, 2025
Brooklyn, New York